**FILED**
**April 13, 2018**
released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*Carlos D. Silveti v. Ohio Valley Nursing Home, Inc.*, No. 17-0746

WALKER J., dissenting.

The majority's application of West Virginia Code § 23-4-8(c) and (e) (2017) is a well-intended, but misguided, effort to see that a workers' compensation claimant is reimbursed for his $37 lunch at Outback Steakhouse, consumed during a six-hour trip to undergo an independent medical examination (IME). However, it voids the Insurance Commissioner's interpretation of the term "reasonable," found in § 23-4-8(c)—an interpretation that is consistent with the statute's plain language and ordinary construction. Accordingly, I would affirm the Board of Review's decision that Mr. Silveti's down-under repast is not a reasonable travel expense that is reimbursable under § 23-4-8(c).

When a workers' compensation claimant must appear for an IME,[1] West Virginia Code § 23-4-8(c) obligates the party requiring the medical examination to "reimburse the claimant for loss of wages and *reasonable* traveling expenses as set forth in [§ 23-4-8(e)] and other expenses in connection with the examination or examinations."[2] The Legislature specified in § 23-4-8(e) that a "claimant's *traveling expenses* include, at a minimum, reimbursement for meals, lodging and milage." Reading subsections (c) and (e) *in para materia*,[3] it is apparent that the Legislature did not mandate that a claimant receive

---

[1] *See* W. Va. Code § 23-4-8(a) (2017).

[2] *Id*. § 23-4-8(c) (emphasis added).

[3] *See* Syl. Pt. 2, *Smith v. State Workmen's Comp. Comm'r*, 159 W. Va. 108, 219 S.E.2d 361 (1975) ("In ascertaining legislative intent, effect must be given to each part of

1

reimbursement for every meal expense incurred in the course of travel to an IME. Rather, under subsection (c), the claimant is entitled to reimbursement only for his *reasonable* meals. Thus, the Legislature made plain in § 23-4-8(c) that some meals, consumed during travel to or from an IME, would not be reimbursable.

The Legislature defined "traveling expenses" for purposes of West Virginia § 23-4-8(c). It did not define "reasonable," the adjective that controls which "traveling expenses" are reimbursable, however. The Insurance Commissioner, acting on the authority delegated to him by the Legislature,[4] filled in this gap with West Virginia Code of State Rules § 85-1-15.1. That rule states that, "[i]n determining the *reasonableness* of such expenses, the responsible party shall utilize the travel regulations for State employees as a guide, unless specific provisions to the contrary are otherwise contained herein."[5] The State employee travel regulations provide that "[m]eal expenses are reimbursable for travel requiring overnight lodging."[6]

---

the statute and to the statute as a whole so as to accomplish the general purpose of the legislation.").

[4] *See* W. Va. Code § 33-2-10(b) (2017) (Insurance Commissioner may "promulgate rules necessary to discharge his or her duties relating to workers' compensation insurance . . . .").

[5] W. Va. C.S.R. § 85-1-15.1 (emphasis added).

[6] *Id*. § 148-NA-4.3.

Thus, the Insurance Commissioner's regulation provided claimants, insurers, self-insured employers, and third-party administrators with a binary rule to determine when a claimant's meal was a "reasonable travel expense," and, therefore, reimbursable. If the meal was consumed in the course of travel requiring overnight lodging, then the meal was a reasonable travel expense and reimbursable. If it was consumed during a trip that did not require overnight lodging, then the meal was not a reasonable travel expense and not reimbursable.

Considering that the Legislature made plain in West Virginia Code § 23-4-8(c) that some meals, consumed during travel to or from an IME, would not be reimbursable, I fail to see how the de facto rule that will emerge from the majority's opinion[7] differs in any substantive way from the Insurance Commissioner's. Both rules result in the reimbursement of some meals and the denial of others. Thus, if the Insurance Commissioner's rule contravenes the plain language of § 23-4-8(c), as the majority concludes it does, then the majority's de facto rule does, as well.

Moreover, one wonders how much time Mr. Silveti spent consuming his post-IME meal. Forty-five minutes? Ninety minutes? Based on the majority's opinion, it appears that Mr. Silveti's time at table is included in the six hours of travel time. This

---

[7] That is, a claimant must be reimbursed for meals consumed during travel to attend an IME that lasts six hours or more.

3

inclusion creates a perverse incentive for a claimant to extend the length of his or her meal (and, likely, increase its expense), so to extend the duration of his trip and the probability that his meal will be considered a reasonable traveling expense and reimbursable.

Looking forward, the majority suggests that West Virginia Code of State Rules § 148-NA-4.1 will dispel any confusion as to which meal expenses are reasonable and which are not. That regulation says: "Meal expense reimbursement is based on the temporary duty location and is not to exceed the maximum per diem established by the federal government." I fear this regulation will prove less than helpful, however, as the appropriate per diem rate depends on a traveler's "temporary duty location," a term that is not defined in the Code of State Rules.[8]

In sum, West Virginia Code of State Rules § 85-1-15.1 is the Insurance Commissioner's interpretation of the term "reasonable" found in West Virginia Code § 23-4-8(c). For the reasons outlined above, I do not agree with the majority that § 85-1-15.1 is inconsistent with the plain meaning and ordinary construction of § 23-4-8(c). Therefore, I

---

[8] The term "temporary duty location" appears twice in the West Virginia Code of State Rules. First in the rule under discussion, here, West Virginia Code of State Rules § 148-NA-4.1, then in § 153-0-5.1. Section 153-0-5.1 sets out procedures for in-state and out-of-state department travel by the employees of the West Virginia Secretary of State. That section is identical to § 148-NA-4.1 and does not define "temporary duty location."

would defer to the Insurance Commissioner's rule and the Board of Review's application of it, and I respectfully dissent.